**PACIFIC AMERICAN FISHERIES, Inc. et al. v. GRONN et al.**

**No. A–7459.**

United States District Court, Alaska.
Third Division. Anchorage.

March 24, 1952.

W. C. Arnold, Seattle, Wash., Plummer & Arnell, Anchorage, Alaska, Bogle, Bogle & Gates, Seattle, Wash., for plaintiffs.

J. L. McCarrey, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

In this suit to enjoin the defendants, acting as directors of the Naknek Public Utilities District, from levying a tax on their properties, the plaintiffs have moved for summary judgment on the following grounds:

(1) That Chap. 71 S.L.A.1935, Secs. 49–2–1 et seq. A.C.L.A.1949, is invalid because (a) it attempts to delegate legislative power and to authorize the levy of a general tax, and (b) because it fails to provide for procedural due process, and

(2) That the Naknek Public Utility District was not validly created because of the unlawful rejection of ballots cast in the election for its incorporation.

I am of the opinion that the motion should be granted on the second ground.

The pertinent parts of the statute are:

Sec. 4—"The persons appointed to conduct said first election, shall provide a form of printed or typewritten ballot, suitable for determining the question, whether the voter is in favor of, or against, the incorporation of the District and for the election of five directors".

Sec. 6—"If a majority of the votes cast at said election are in favor of incorporation, the District Judge, by an order in writing entered in the records of the Court, shall adjudge and declare that the Community in which such election has been held, is a Public Utility District Corporation, and the same shall thenceforth exercise the powers hereinbefore and hereinafter designated and such other powers as may be granted by law."

Of the 63 ballots cast, 30 were for incorporation and for certain candidates for the Board; 25 were against incorporation only; 5 were against incorporation but for certain candidates for the Board, and the remaining 3 were not marked either for or against incorporation. The election officers rejected these 8. It would appear that the 3 were properly rejected. The record fails to disclose why the 5 were rejected, but it may be surmised that the election officers concluded that those who voted against incorporation had no right to express their choice of candidates for the Board of Directors and that, therefore, these ballots should not be counted. In this they were in error for it is well settled that the intent of the voter when ascertainable must be given effect. Swift v. Registrars of Voters

406

of Quincy, 281 Mass. 271, 183 N.E. 730, 732; Hall v. Barton, 290 Mass. 476, 195 N.E. 753; Fullarton v. McCaffrey, 177 Iowa 64, 158 N.W. 506; 29 C.J.S., Elections, §§ 223, 227, pages 325, 328. Under the authorities cited, the vote was a tie. Since the statute requires a majority for incorporation, it follows that the district was not validly created.